UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
═══════════════════════════════════════════════════════════════════

JUSTIN CYRUS TRICE,

      Plaintiff,

v.           5:08-CV- 652 (NPM/GHL)

STATE OF NEW YORK, et al.,

      Defendants.

---

APPEARANCES:       OF COUNSEL:

**Carroll Law Firm**      **Woodruff Lee Carroll, Esq.**
Attorney for Plaintiff
Galleries of Syracuse, 2nd Floor
441 S. Salina Street
Syracuse, N.Y.  13202


**New York State Office of**   **Gerald J. Rock, Esq.**
**Attorney General**
Attorney for Defendant
The Capitol
Albany, N.Y.  12224

NEAL P. McCURN, Senior District Court Judge

## SUMMARY  ORDER

  This is an action brought by plaintiff Justin Cyrus Trice ("Trice") against the State of New York ("State") and various other defendants[1] pursuant to 42 U.S.C. § 1983, alleging, inter alia, unlawful imprisonment.  Currently before the

---

[1] Trice's amended complaint names Anthony Boucaud, individually and as Superintendent of the Altoona Correctional Facility, Brian Fischer, individually and as Commissioner of the New York State Department of Correctional Services, and "John Does." Doc. No. 13.

court is the State's motion to dismiss pursuant to the Eleventh Amendment to the United States Constitution (Doc. No. 4), which bars suit against a state or state entity under Section 1983.

On September 3, 2008, the court granted Trice's motion to amend and correct his original complaint (Doc. No. 12). Trice filed an amended complaint on September 12, 2008, naming additional defendants (Doc. No. 13). Despite the motion pending before the court to dismiss on Eleventh Amendment grounds, Trice's amended complaint again names the State of New York as a defendant pursuant to the New York Court of Claims Act § 8-b ("Section 8-b"). In response, the State has filed a letter motion requesting that its original motion to dismiss be considered with respect to the amended complaint (Doc. No. 14).

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI (West 2008). It is well-settled law in this circuit that "[a]bsent a waiver on the part of the state, or a valid congressional override, the eleventh amendment prohibits federal courts from entertaining suits by private parties against the states." Farid v. Smith, 850 F.2d 917, 920-21 (2d Cir. 1988) (citing

Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14 (1985)). The Second Circuit clearly holds that "Section 1983 does not abrogate the state's Eleventh Amendment immunity." See Dube v. State University of New York, 900 F.2d 587 (2d Cir. 1990).

Section 8-b of the New York Court of Claims Act was enacted by the legislature in 1984 to address claims for unjust conviction and imprisonment. As stated therein, "the legislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages." N.Y. Ct. Cl. § 8-b (McKinney's 2007). "The legislature intends by enactment of the provisions of this section that those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned be able to recover damages against the state." Id.

In 1987, the Court of Claims offered clarification of the Act as to the intended beneficiaries of Section 8-b. "[T]he Unjust Conviction and Imprisonment Act is not intended to allow recovery to persons whose sentences are improper or who remain incarcerated beyond their authorized terms ...

[R]ecovery under this provision of the Court of Claims Act was intended to recompense those suffering the dual inequities of unjust conviction coupled with a subsequent incarceration." <u>Abney v. State of New York</u>, 135 Misc.2d 409, 393-94 (N.Y. Ct. Cl. 1987). "[H]ere we have a just conviction with an improper sentence ... Claimant here fails to satisfy the basic overriding spirit and the intent of the statute, that of innocence, and this claim must be dismissed." <u>Id.</u> at 394.

In the instant case, Trice argues that Section 8-b provides a waiver of the Eleventh Amendment and allows him to recover damages from New York State. However, based on the plain language of Section 8-b, as well as the interpretation of the Act by the Court of Claims, the court finds that here, as in <u>Abney</u>, we have a just conviction with an improper sentence, not a claim of innocence. <u>Id.</u> at 394.

Accordingly, the State of New York must be dismissed as a defendant in this action. Defendant State's motion to dismiss pursuant to the Eleventh Amendment (Doc. No. 4) is hereby GRANTED. State's letter motion (Doc. No. 14) is DENIED AS MOOT. The Clerk is directed to correct the case caption to reflect this decision.

SO ORDERED.

September 22, 2008

_____
Neal P. McCurn
Senior U.S. District Judge