UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

═══════════════════════════════════════════════════

JUSTIN CYRUS TRICE,

                                 Plaintiff,

v.                                                              5:08-CV- 652 (NPM/GHL)

STATE OF NEW YORK, et al.,

                                 Defendants.

-------------------------------------------------------------------------------------------------

APPEARANCES:                                       OF COUNSEL:

**Carroll Law Firm**                               **Woodruff Lee Carroll, Esq.**
Attorney for Plaintiff
Galleries of Syracuse, 2nd Floor
441 S. Salina Street
Syracuse, N.Y.      13202

**New York State Office of**                       **Gerald J. Rock, Esq.**
**Attorney General**                               **David L. Cochran, Esq.**
Attorney for Defendant
The Capitol
Albany, N.Y.        12224

NEAL P. McCURN, Senior District Court Judge

## MEMORANDUM - DECISION AND ORDER

This is an action brought by plaintiff Justin Cyrus Trice ("Trice") against

the State of New York ("State") and various other defendants[1] pursuant to 42

U.S.C. § 1983, alleging, inter alia, unlawful imprisonment.  Currently before the

---

[1]      Trice's amended complaint entered 9/12/2008 names Anthony Boucaud, individually and as Superintendent of the Altoona Correctional Facility, Brian Fischer, individually and as Commissioner of the New York State Department of Correctional Services, and "John Does." Doc. No. 13.

court is defendants' motion to dismiss plaintiff's complaint in its entirety. For the

reasons set forth below, defendants' motion to dismiss is granted.

I.     Facts and Procedural History

The following facts are taken from plaintiff's amended complaint dated

November 20, 2008 and all allegations in the complaint are accepted as true

pursuant to the requirements of the federal rules for a motion to dismiss.  On

February 8, 2000, plaintiff was sentenced in Onondaga County Court to a

determinate sentence of imprisonment of five years upon his conviction for the

crime of first degree robbery, a class B violent felony under Penal Law § 70.02

(1)(a).  Neither the sentence and commitment order nor the sentencing minutes

make reference to any period of post-release supervision (heretofore, "PRS").

Nevertheless, the New York State Department of Correctional Services ("DOCS")

computed plaintiff's sentence to include five years of PRS. Doc. No. 16.

Following one unsuccessful conditional release from DOCS custody to

PRS, the plaintiff was conditionally re-released to PRS on June 22, 2007.  The

plaintiff's PRS was again revoked following a final parole revocation hearing

conducted on September 20, 2007.  A modified delinquency date of August 29,

2007 was established and a 12-month delinquent time assessment was imposed.

On September 28, 2007, plaintiff was returned to DOCS custody as a PRS

violator.  Plaintiff initiated a habeas corpus proceeding in the State of New York

Supreme Court, Clinton County in January of 2008, challenging his continued

incarceration in DOCS custody.  On April 4, 2008, that court granted plaintiff's

petition, and directed that plaintiff be immediately discharged from DOCS

custody. Id.   Plaintiff was physically released from custody on April 15, 2008.

Doc. No. 1, ¶ 8.

On November 20, 2008, plaintiff filed a complaint in this court pursuant to

42 U.S.C. § 1983, claiming a violation of his civil rights under both the federal

and New York State constitutions, a claim pursuant to § 8-B of the Court of

Claims Act, and a state law claim of false imprisonment. Id.  Plaintiff filed an

amended complaint on September 12, 2008, and another on November 20, 2008.

Doc. Nos. 13, 16.  On September 22, 2008, by order of this court, New York State

was terminated as a party to this action. Doc. No. 15.  Defendants filed their

motion to dismiss on January 13, 2009.   By order of this court on April 27, 2009,

plaintiff was granted leave to once again amend his complaint (Doc. No. 34), and

plaintiff's second amended complaint was filed on May 4, 2010. Doc. No. 36.

II.     DISCUSSION

A.     Service of Process

As a threshold matter, defendants argued in their motion to dismiss that

improper service was made on the individual defendants, thus the court lacked

personal jurisdiction over these defendants.  However, defendants now state that

"subsequent to the filing of the motion to dismiss, plaintiff rectified the improper

service and defendants, therefore, withdraw their motion insofar as it was based on

lack of jurisdiction and improper service." Doc. No. 32 at p. 3.

B.     Standard for Motion to Dismiss

Currently before the court is defendants' motion to dismiss plaintiff's

complaint in its entirety pursuant to Fed.R.Civ.P. Rule 12(b).  The function of a

motion to dismiss is "merely to assess the legal feasibility of the complaint, not to

assay the weight of the evidence which might be offered in support thereof."

Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779

(2d Cir. 1984).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When deciding a motion to

dismiss, the court must accept as true the well pleaded allegations of the

complaint. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807 (1994).  As stated

above, the allegations of the complaint should be construed favorably to the

pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1973).

4

C.      42 U.S.C. § 1983

In order to prevail on a claim under 42 U.S.C.A. § 1983 , a plaintiff must

establish the violation of a right secured by the Constitution and laws of the

United States, and that the violation was committed by a person acting under color

of state law.  Title 42 U.S.C. s 1983 provides in pertinent part that :

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory,
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution . . . shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (West 2010).

Based on the facts before it, the court finds that at all times relevant to the case at

bar, the defendants were acting under color of state law.

D.      Qualified Immunity

"Government officials performing discretionary functions generally are

shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person

would have known.  To determine whether a right is clearly established, we look

to (1) whether the right was defined with reasonable specificity; (2) whether

Supreme Court or court of appeals case law supports the existence of the right in

question, and (3) whether under preexisting law a reasonable defendant would

have understood that his or her acts were unlawful." Scott v. Fischer, 616 F. 3d

100, 105 (2d Cir. 2010).

The outcome of plaintiff's state court habeas petition and supporting case

law leaves no doubt that "DOCS was without authority to impose any period of

post-release supervision inasmuch as the sentencing court failed to do so." Doc.

No. 16 at p. 8.  The question presented herein is whether the administrative

imposition of PRS was clearly established as unconstitutional at the time that PRS

was administratively imposed on the plaintiff.

E.      Administrative imposition of PRS

"On August 6, 1998, the New York State Legislature enacted what is known

as 'Jenna's Law,' N.Y. Penal Law § 70.45(1).   Under this law, certain violent

felonies that had theretofore been punished by the imposition of indeterminate

sentences[2] were to be punished with a combination of a determinate sentence and a

mandatory term of PRS.[3] Although PRS was mandatory ..., the statute that so

---

[2]      "A law enacted in 1995 had abolished indeterminate sentences for certain felony offenses, but did not require PRS. Act of June 10, 1995, ch. 3, 1995 McKinney's N.Y. Laws 107, 108." Scott v. Fischer, 616 F.3d at 103, n.1.

[3]      "The terms and conditions of mandatory PRS can include curfews, travel restrictions, substance-abuse testing and treatment, and placement in residential facilities. People

provided contained no requirement that a sentencing judge impose the PRS or announce it, at sentencing or otherwise.[4]" Scott v. Fischer, 616 F.3d at 103.

Defendants seek to dismiss plaintiff's complaint, which plaintiff filed in reliance on Earley v. Murray, 451 F.3d 71 (2d Cir. 2006). "In Earley, we held that if a sentencing court does not explicitly impose a term of PRS on a criminal defendant, it is unconstitutional for DOC subsequently to impose one, irrespective of whether DOC is acting pursuant to a statute that makes such PRS a mandatory part of the sentence of the crime for which that defendant has been convicted." Scott v. Fischer, 616 F.3d at 105-06 (citing Earley, 451 F.3d at 76).

The question before this court, then, as it was in Scott, is whether it was clearly established at relevant times, based on the facts of this case, "that such an administrative imposition of PRS was unconstitutional at the time the Department of Corrections defendant-employees administratively imposed PRS on [plaintiff], and whether, following [his] arrest and re-incarceration for violation of that PRS,

---

v. Catu, 4 N.Y.3d 242, 245, 825 N.E.2d 1081, 1082, 792 N.Y.S.2d 887, 888 (2005). Violations of PRS can result in re-incarceration for five years or the remaining period of PRS, whichever is less. N.Y. Penal Law § 70.45(1)." Scott v. Fischer, 616 F.3d at 103, n.2.

[4]     Section 70.45(1) was subsequently amended in 2008 to require that a sentencing court "shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision determined pursuant to this article." N.Y. Penal Law § 70.45(1) (2008). Scott v. Fischer, 616 F.3d at 103, n.3.

[plaintiff] has pleaded sufficient facts to set forth a viable claim that the

defendants violated clearly established constitutional law by failing to take action

to remove [his] administratively-imposed PRS or to release [him] from custody."

Id. at 102-03.

"Before Earley was decided [in 2006], New York State courts had routinely

upheld the administrative imposition of mandatory PRS under Jenna's Law." Scott

v. Fischer, 616 F.3d at 106.  As set forth supra, plaintiff was sentenced on

February 8, 2000, in Onondaga County Court to a determinate sentence of

imprisonment of five years upon his conviction of the crime of first degree

robbery, and although neither the sentence and commitment order nor the

sentencing minutes makes reference to any period of post-release supervision,

DOCS computed plaintiff's sentence as including five years of PRS.  Plaintiff

served his whole term for robbery in the first degree. Doc. No. 16 at p. 3.

Plaintiff states that he was released from DOCS custody and into PRS on

October 21, 2004.  Early was decided on June 9, 2006, and plaintiff's first

violation of his PRS was approximately June 22, 2006.  Doc. No. 29.  Despite

plaintiff's assertion that his PRS had been voided by Early by the time he violated

said PRS, the court finds, based on the facts before it and the controlling case law,

that it was not clearly established at the time DOCS administratively imposed PRS

on plaintiff that administrative imposition of PRS was unconstitutional.  Thus, the court finds that plaintiff has not pleaded sufficient facts to set forth a viable claim that the defendants violated clearly established constitutional law by failing to take action to remove his administratively-imposed PRS or to release him from custody.  Accordingly,  defendants motion to dismiss is granted in its entirety on qualified immunity grounds.  The court need not reach the remainder of the claims in defendants' motion to dismiss.

III.    CONCLUSION

    For the reasons set forth above, the court hereby GRANTS defendants' motion to dismiss (Doc. No. 21) in its entirety.  The Clerk is instructed to close this case.

    SO ORDERED.

December 21, 2010.

_____

Neal P. McCurn
Senior  U.S. District Judge